# EXHIBIT A

# CITATION BY MAILING

# THE STATE OF TEXAS

## IN THE 439th District Court
## OF
## ROCKWALL COUNTY, TEXAS

### Cause No. 1-18-0047

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED".**  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, and default judgment may be taken against you.

TO:  METROPOLITAN LIFE INSURANCE COMPANY served with process by certified mail, BY SERVING ITS ATTORNEY FOR SERVICE
C T CORPORATION SYTEM
1999 BRYAN ST STE 900
DALLAS, TX, 75201-4284

Hereinafter styled STEPHANIE TAYLOR Vs METROPOLITAN LIFE INSURANCE COMPANY and numbered cause: 1-18-0047

You are hereby commanded to appear before the 439th District Court of Rockwall County, Texas in the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200 in Rockwall, Texas by filing a written answer to PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 A.M of the Monday after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number styled STEPHANIE TAYLOR Vs METROPOLITAN LIFE INSURANCE COMPANY.

Said Petition was filed in 439th District Court on 01/16/2018, by JAMES D WALKER  Attorney for the Plaintiff, whose address is 4925 GREENVILLE AVE SUITE 200  DALLAS TX  75206, 214-227-9812.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office this on this the 16th day of January, 2018.



Lea Carlson
District Clerk
Rockwall County, Texas

By:_____, Deputy
     Rachelle Cherry

**Defendant Copy**

## OFFICER'S RETURN

CAME to hand on the ___ day of _____, 20___, and executed by mailing the Respondent certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Original Petition to the following address:

_____          _____
Respondent                                        address

Service upon the Respondent is evidenced by the return receipt hereto attached and signed by _____ and dated: _____. This Citation was not executed for the following reason:

_____. TO CERTIFY WHICH WITNESS MY

HAND OFFICIALLY : _____          (Clerk, Sheriff or Constable)

Fee for Serving Citation: $

By: _____          Deputy

Filed: 1/18/2018 12:00 AM
Lea Carlson,
District Clerk
Rockwall County, Texas

Rachelle Cherry

CAUSE NO. _____

1-18-0047

| | | |
|---|---|---|
| STEPHANIE TAYLOR, | § | IN THE DISTRICT COURT OF |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| v. | § | ROCKWALL COUNTY, TEXAS |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, | § | Rockwall County - 439th District Court |
| | § | |
| **DEFENDANT.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE:

Plaintiff Stephanie Taylor files suit against Defendant Metropolitan Life Insurance Company ("Metlife"), as follows.

### I.
### DISCOVERY CONTROL PLAN and RULE 47 DISCLOSURE

1.    Plaintiff intends that discovery be conducted under Level 3.

2.    Pursuant to Texas Rule of Civil Procedure 47, the damages sought are within the jurisdictional limits of this Court.

3.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff provides the following information about the nature of cases filed for the County's records and notes that "the disclosure of this information does not affect [Plaintiff's] substantive rights." *See Comment to 2013 Change to Rule 47.* Plaintiff make the statement through her attorney regarding what she is seeking in this paragraph only because she is required to do so by the rules of procedure to provide information, for statistical purposes, regarding the nature of cases filed. Plaintiff trusts the jury to provide whatever dollar amounts the jury believes to be appropriate for the claims, whether or not that award coincides with the statistical classification ranges ascribed to this paragraph. These brackets

for various ranges of damages which Plaintiff is required to include in this pleading are merely designed for the clerk's recordkeeping; these brackets do not include a category that will accurately reflect the importance of this case.  It is Plaintiff's intent to rely upon the jury's sound discretion and judgment after the jury has had the opportunity to consider the evidence at trial and come to its own determination of the appropriate damages amount, and not base Plaintiff's claim upon the statistical assertion made in this paragraph.  Plaintiff makes this statement on the date of the filing of this pleading, before conducting substantial discovery and depositions in this case and therefore before learning whatever additional facts Plaintiff will learn through written discovery and depositions.  Plaintiff's attorney - not Plaintiff - wrote this paragraph.

Plaintiff seeks:

( )    Monetary relief over $100,000 but not more than $200,000 or

( )    Monetary relief over $200,000 but not more than $1,000,000 or

( x )  Monetary relief over $1,000,000

and all other relief to which Plaintiff is justly entitled.

## II.
## PARTIES

4.     Plaintiff, Stephanie Taylor, is an individual resident of Fate, Texas.  The last three digits of Plaintiff's SSN are 893.  The last three digits of Plaintiff's Texas driver's license number are 412.  She has been a Texas resident at all relevant times.

5.     Defendant Metropolitan Life Insurance Company is an LI insurance company doing business at all relevant times in Texas.  This defendant may be served with process by serving its Attorney for Service: C T Corporation System, 1999 Bryan St., Ste 900, Dallas TX 75201 -4284, USA or wherever they may be found, which service is hereby requested.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**                    **Page 2**

### III.
### JURISDICTION and VENUE

6.     The Court has jurisdiction over this controversy because the amount in controversy exceeds the minimum jurisdictional limit of this Court.

7.     The Court has concurrent jurisdiction over this controversy pursuant to 29 USC § 1132(e).

8.     The Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with Texas to confer jurisdiction on Texas courts.  Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in internet contacts establishing personal jurisdiction, placing products in the stream of commerce knowing that some of them would reach Texas, and engaging in additional conduct indicating an intent to serve the Texas market.

9.     The Court has personal jurisdiction over Defendant because Plaintiff's causes of action arose from or relate to Defendant's contacts with Texas.

10.    The Court has personal jurisdiction over Defendant because the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and will be consistent with the constitutional requirements of due process.

11.    Venue is proper in this county because Plaintiff resided in this county at the time of the accrual of the action and it is the county in which a substantial part of the events giving rise to the claim occurred.

### IV.
### FACTUAL BACKGROUND

12.    Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

13.    This lawsuit arose because (a) Metropolitan Life Insurance Company ("Metlife") issued and collected premiums for two insurance policies insuring the life of Clinton Taylor and naming

his wife, Stephanie Taylor, as the beneficiary, (b) Mr. Taylor has passed away and Mrs. Taylor has properly submitted claim forms, but (c) Metlife refuses to pay the benefits on one of those two policies.

14. On or about April 27, 2016, Metlife informed Mr. Taylor that he was eligible for $410,000 in Conversion Life insurance benefits and Mr. Taylor accepted this offer. It is undisputed that Mr. Taylor's Total Disability qualified him for the $410,000 in Conversion benefits and that no premium payments were ever due from anyone for those $410,000 Conversion benefits.

15. On or about April 27, 2016, Metlife also informed Mr. Taylor that he was eligible for $273,000 in Portable Life insurance benefits. Mr. Taylor accepted this offer and timely paid all premiums due; Metlife issued the $273,000 Portable Life Insurance Policy with an effective date of June 2, 2016 and Metlife invoiced premiums on the $273,000 Portable Life Insurance Policy and accepted all premium payments. This dispute arose because Metlife has denied coverage under the $273,000 Portable Term Life Insurance Policy.

16. Mr. Taylor passed away on or about October 12, 2016. Mr. Taylor's widow submitted a claim to Metlife on the $273,000 Portable Coverage policy. Less than two weeks after receiving the claim, Metlife wrongfully denied Mrs. Taylor's claim on the $273,000 Portable Coverage policy. Metlife's denial constituted a bad faith, grossly negligent denial because Metlife (1) issued the June 2, 2016 Portable Policy guaranteeing those benefits and (2) demanded and accepted monthly premium payments for those benefits.

17. Mrs. Taylor filed a claim under the life insurance policy and Defendants denied the claim and denied her appeals.

## V.
## ERISA ACTION

18. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

19.     Plaintiff properly made a claim for benefits;

20.     Plaintiff exhausted the plan's administrative appeals process;

21.     Plaintiff is entitled to a particular benefit under the plan's terms; and

22.     Plaintiff was denied that benefit.

## VI.
## ATTORNEY FEES

23.     Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

24.     It has been necessary for Plaintiff to engage undersigned counsel to prosecute this suit, and Plaintiff is entitled to recover reasonable and necessary attorney fees in an amount to be determined at trial.

## VII.
## REQUEST FOR DISCLOSURE

25.     Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested and required to disclose the information and materials described in Rule 194.2 within 50 days of service of this request.

## VIII.
## JURY DEMAND

26.     Plaintiff respectfully requests a trial by jury.

## IX.
## CONCLUSION AND REQUEST FOR RELIEF

27.     FOR THESE REASONS, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have and recover the following relief against Defendant:

   a)  Judgment for benefits owed to Mrs. Taylor under the terms of the plan;

   b)  Judgment enforcing Mrs. Taylor's rights under the terms of the plan;

   c)  Judgment for attorney fees;

d)  Pre-judgment and post-judgment interest at the maximum legal rate;

e)  All costs of court; and

f)  Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,


*/s/ Jim Walker*

JIM WALKER AND ASSOCIATES, PLLC
James D. Walker
Texas State Bar No. 24042111
4925 Greenville Ave., Suite 200
Dallas, TX 75206
(214) 227-9812 (voice)
(972) 434-3052 (fax)
Jim@jimwlaw.com
ATTORNEY FOR PLAINTIFF